UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE CO., S.I., a Wisconsin Corporation, <br><br> Plaintiff, <br><br> v. <br><br> JDD INVESTMENT CO., an Illinois Corporation, and ANA AVILA, <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No. ) ) ) ) ) ) |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff AMERICAN FAMILY MUTUAL INSURANCE CO., S.I., by its attorney, David M. Lewin of Querrey & Harrow, Ltd., files this complaint against the above-named defendants and states as follows:

### PARTIES

1. Plaintiff American Family Mutual Insurance Company, S.I. ("American Family") is a Wisconsin Corporation with its principal place of business at 6000 American Parkway, Madison, Wisconsin 53783. As such, pursuant to 28 U.S.C. §1332, it is deemed to be citizen of the State of Wisconsin.

2. Defendant JDD Investment Co. is an Illinois Corporation with its principal place of business at 300 Park Blvd., Itasca Illinois 60143. As such, pursuant to 28 U.S.C. §1332, it is deemed to be a citizen of the State of Illinois.

3. Ana Avila is an individual residing in Cook County, Illinois. As such, she is deemed to be a citizen of the State of Illinois.

4. Ana Avila is a necessary party to this action although no relief is sought against her.

## JURISDICTION AND VENUE

5. This action is a Declaratory Judgment action seeking a declaration of the rights of the parties relative to a policy of insurance that has a per occurrence limit of $1,000,000.00 and an aggregate limit of $2,000,000.00. The parties hereto are citizens of different states. As such, jurisdiction arises under §§28 U.S.C. 1332, 28 U.S.C. 2201 and 28 U.S.C. 2202

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district.

## THE AMERICAN FAMILY INSURANCE POLICY

7. American Family issued Businessowners Policy number 12XK229701, with a policy period of March 1, 2019, to March 1, 2020, to named insured JDD Investment Co. DAK4 LLC JATAN LLC d/b/a McDonalds.

8. A true, accurate and complete copy of the said Businessowners Policy, including the Declarations pages and all endorsements issued on the policy is attached hereto as **Exhibit A**, and is hereby incorporated by reference.

9. The policy includes, in part, the following grant of coverage:

   SECTION II – LIABILITY
       A.    Coverages
       1.    Business Liability

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury', 'property damage' or 'personal and advertising injury', to which this insurance does not apply.
>
> * * *
>
> b. This insurance applies:
>
> > (1) To 'bodily injury' and 'property damage' only if
> >
> > > (a) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory',
> >
> > * * *
> >
> > (2) To 'personal injury and advertising injury' caused by an offense arising out of your business, but only if the offense was committed in the 'coverage territory' during the policy period.

10. The policy contains the following exclusions:

    a. **Expected or Intended Injury**

    'Bodily injury' or 'property damage' expected or intended from the standpoint of the insured. This exclusion does not apply to 'bodily injury' resulting from the use of reasonable force to protect persons or property.

    * * *

    e.    **Employer's Liability**

        'Bodily injury' to:

        (1) An 'employee' of the insured arising out of and in the course of:

            (a) Employment by the insured; or

            (b) Performing duties related to the conduct of the insured's business.

    \* \* \*

        This exclusion applies:

        (1) Whether the insured may be liable as an employer or in any other capacity.

    \* \* \*

    s.    **Distribution Of Material In Violation Of Statutes**

        "Bodily injury," "property damage, or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

        (1)    The Telephone Consumer Protection Act (TCPA), including any amendment or addition to such law; or

        (2)    The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

        (3)    Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

11. The policy contains the following definitions:

"3. 'Bodily injury' means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

5. 'Employee' includes a 'leased worker.' 'Employee' does not include a 'temporary worker.'

\* \* \*

13. 'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. 'Personal and advertising injury' means injury, including the consequential 'bodily injury', arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

f. The use of another's advertising idea in your 'advertisement'; or

    g. Infringing upon another's copyright, trade dress or slogan in your 'advertisement.'

12. The policy contains the following endorsement related to employment practices:

"The following exclusion is added to **Paragraph B. Exclusions** in **Section II – Liability:**

This insurance does not apply to:

  1. 'Bodily injury' or 'personal and advertising injury' to:

    a. A person arising out of any:

      (1) Refusal to employ that person;

      (2) Termination of that person's employment; or

      (3) Employment related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person.

    \* \* \*

  2. This exclusion applies:

    a. Whether the insured may be liable as an employer or in any other capacity; and

    b. To any obligation to share damages with or repay someone else who must pay damages because of the injury."

13. The policy contains the following endorsement related to access or disclosure of confidential or personal information and data-related liability – with limited bodily injury exception":

"**A**. Exclusion **B.1.q** of Section **II – Liability** is replaced by the following:

This insurance does not apply to:

**q. Access or Disclosure of Confidential Or Personal Information and Data-related liability**

(1) Damages, other than damages because of 'personal and advertising injury', arising out any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or

(2) Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out that which is described in Paragraph **(1)** or **(2)** above.

However unless Paragraph **(1)** above applies, this exclusion does not apply to damages because of 'bodily injury'.

As used in this exclusion, electronic data means information, facts or computer programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other repositories of computer software which are used with electronically controlled equipment. The term computer programs, referred to in the foregoing description of electronic data, means a set of related computer instructions which direct the operations and functions of a computer or device connected to it, which enable the computer or device to receive, process, store, retrieve or send data.

  B. The following is added to **Paragraph B.1.p. Personal and Advertising Injury** Exclusion of **Section II – Liability**:

  This insurance does not apply to:

   p. **Personal and Advertising Injury**

    'Personal and Advertising Injury:

    Arising out of any access to or disclosure or any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

    This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosures of any person's or organization's confidential or personal information."

## THE AVILA LAWSUIT

14. On April 13, 2021, Ana Avila filed an Amended Complaint against JDD Investment in the United States District Court of the Northern District of Illinois, case number 21 CV 01917. That Amended Complaint is available as Document #7 in that case. For this section of this suit for declaratory judgment, Avila is referred to as "Plaintiff." For this section of this suit for declaratory judgment, JDD Investment is referred to as "Defendant." The lawsuit is known as "Avila suit."

15. The Amended Complaint includes the following allegations, in summary unless in quotation marks.

    Para 16:    In December 2018, Plaintiff began working for Defendant.

    Para 17:    Plaintiff worked for Defendant at two of Defendant's McDonald's locations.

    Para 18:    Around August 2019, Plaintiff began reporting to Donald Travis.

\* \* \*

    Para 21:    Under Travis, Plaintiff was treated less favorably than employees of non-Mexican ancestry.

    Para 22:    "This less favorable treatment included, but was not limited to the following:

        a.    receiving a heavier workload;

        b.    being talked down to;

        c.    being addressed in an aggressive manner;

        d.    having objects thrown at her; and

        e.    being yelled at for no reason."

\* \* \*

    Para 24:    On or about January 7, 2020 Plaintiff and others raised concerns to supervisors about Travis.

    Para 25:    Defendant failed to take corrective action.

    Para 26:    After hearing about the complaints, Travis threatened Plaintiff.

    \* \* \*

    Para 29: "To scrutinize her work and intimidate her, Donald began video recording Plaintiff without her consent and taking pictures of her while she worked, following her around the facility."

    \* \* \*

    Paras 32-35: On about January 9, 2020, Travis pulled a razor on Plaintiff and Travis then, in his car, followed Plaintiff "as he was trying to run them off the road." Plaintiff reported the matter to Chicago Police.

    Para 36: Based on fear of Travis, Plaintiff quit the job.

    \* \* \*

    Para 45: Plaintiff regularly worked 45-50 hours a week.

    Para 46: Defendant failed to pay overtime.

16. Count I of the underlying complaint is "Ancestry Discrimination – Title VII."

   a. The said count alleges that due to her Mexican ancestry, Plaintiff was a member of a protected category under Title VII.

   b. Defendant violated Title VII by discriminating against her based on her ancestry.

   c. Defendant acted intentionally and with reckless indifference to Plaintiff's rights.

   d. "As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer lost wages, lost benefits, as well as severe mental anguish and emotional distress including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain, and

       suffering, for which Plaintiff is entitled to an award of monetary damages and other relief."

   e. The count seeks the following damages:

      i. Lost pay and benefits;

      ii. Compensatory damages;

      iii. Punitive damages;

      iv. Attorney fees and costs.

17. Count II is for Retaliation under Title VII. Count II re-states the allegations of Count I and seeks damages for retaliation against Plaintiff for engaging in activity protected by Title VII.

18. Count III is brought under the Illinois Human Rights Act. It contains substantially similar allegations and seeks substantially the same relief as Count I.

19. Count IV is brought under the Illinois Human Rights Act for retaliation. It contains substantially similar allegations and seeks substantially the same relief as Count II.

20. Count V is for Constructive Discharge.

   a. Count V contains the following allegations, in summary unless in quotation marks:

      Para 77: Defendant deliberately created intolerable working conditions and failed to provide a workplace free from discrimination, harassment and hostility.

      * * *

    Para 79: Defendant acted with malice or disregard for Plaintiff's rights.

    Para 80: Defendant's actions were done with the intent to cause her to resign.

    \* \* \*

    Para 82: Defendant constructively discharged Plaintiff.

  b. Count V seeks substantially similar relief as Counts I – IV.

21. Count VI is for Violation of the Fair Standards Act.

  a. Count VI alleges that Defendant failed to properly pay Plaintiff for overtime.

  b. Count VI seeks the following relief:

    i. Lost pay and benefits;

    ii. An equal amount in liquidated damages;

    iii. Attorney's fees and costs.

22. Count VII is brought under the Illinois Minimum Wage Law.

  a. Count VII alleges that Plaintiff was required to work in excess of 40 hours per week.

  b. Count VII alleges Defendant failed to pay overtime to Plaintiff.

  c. Count VII seeks substantially the same relief as Count VI.

23. Count VIII is for Violation of the Biometric Information Privacy Act.

  a. Count VIII contains the following allegations, in summary unless in quotations:

104. Plaintiff's fingertips qualify as "biometric identifiers."

105. Defendant collected "biometric information" through its acquisition of Plaintiff's fingerprints.

106. Plaintiff was enrolled in Defendant's biometric timekeeping device when she started working for Defendant.

107-109. Defendant violated the Biometric Information Privacy Act by capturing Plaintiff's fingerprint and personal identifying information without informing Plaintiff of the purpose, the length of the time Defendant would store and use the information, and without first obtaining Plaintiff's written consent.

b. Count VIII seeks the following relief:

a. Liquidated or actual monetary damages, whichever is higher, to Plaintiff for each violation of the Biometric Privacy Act; and

b. Reasonable attorney fees.

## THE DENIAL OF COVERAGE

24. The Avila suit as amended does not allege bodily injury or property damage caused by an occurrence.

25. The Avila suit does not allege accidental conduct. As such, the Amended Complaint does not allege an occurrence.

26. The Avila suit does not allege Personal and Advertising Injury as defined by the American Family policy.

27. The Avila suit alleges that Defendant's acts were intentional. As such, the exclusion for Expected or Intended Injury bars coverage.

28. The Avila Suit seeks relief related employment of the Defendant's employee. As such, the Employer's Liability Exclusion bars coverage.

29. The Avila Suit seeks relief for distribution of material in violation of statutes. As such, Exclusion S bars coverage.

30. The policy's endorsement regarding employment practices bars coverage for the Avila suit.

31. The policy's endorsement for access or disclosure of confidential or personal information and data related liability excludes coverage for the Avila suit.

32. As a result of the above-mentioned exclusions, definitions, and coverages, American Family is entitled to a declaration that it owes neither defense nor indemnification to JDD Investment with regard to lawsuit 21 CV 01917.

33. The Plaintiff, American Family, has informed the Defendant, JDD Investment, that it has denied any obligation to defend and indemnify JDD Investment with regard to lawsuit 21 CV 01917.

34. That there is at present a dispute as to whether the Plaintiff, American Family, is obligated to defend or indemnify the Defendant, JDD Investment with regard to the Avila Amended Complaint.

35. That, by reason of the foregoing, an actual and justifiable controversy exists between the parties which may be determined by a judgment or order of this Court.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, American Family, demands judgment as follows:

a. A declaration by this Court that American Family has no duty to defend JDD Investment in the Avila Complaint, case number 21 CV 01917.

b. A declaration by this Court that American Family has no duty to indemnify JDD Investment in the Avila Complaint, case number 21 CV 01917.

c. Such other relief, legal or equitable, as this Honorable Court may deem just and proper.

>Respectfully submitted,

>Querrey & Harrow, Ltd

>/s/David M. Lewin

DATED: August 12, 2021

David M. Lewin, ARDC 6211157
Querrey & Harrow, Ltd.
120 North LaSalle Street
Suite 2600
Chicago, IL 60602
(312) 540-7556
dlewin@querrey.com